```
 1  R. LAWRENCE BRAGG (SBN: 119194)
    LAW OFFICE OF SHEILA F. GONZALEZ
 2  2730 Gateway Oaks Drive, Suite 210
    Sacramento, CA  95833-3503
 3  Tel:   (916)923-9505
    Fax:   (888)813-3351
 4  Email: labrag@safeco.com

 5  Attorney for Defendants
    SAFECO INSURANCE COMPANY OF ILLINOIS
 6  and SAFECO INSURANCE COMPANY OF AMERICA

 7
                  IN THE UNITED STATES DISTRICT COURT
 8
        NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)
 9

10
11  R. STEPHEN GOLDSTEIN,               Case No.:

12              Plaintiff,

13       vs.                            NOTICE OF REMOVAL OF ACTION
                                        UNDER 28 U.S.C. 1441(b)
14  SAFECO INSURANCE COMPANY OF         (Diversity)
    ILLINOIS, an Illinois
15  corporation, SAFECO INSURANCE
    COMPANY OF AMERICA, a Washington
16  corporation, and DOES 1 THROUGH
    100,
17
                Defendants.
18
```

19

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that defendants, Safeco Insurance Company

22  of Illinois and Safeco Insurance Company of America, hereby remove

23  to this Court the state court action described below.

24      1. On February 19, 2008, an action was commenced in the

25  Superior Court of the State of California in and for the County of

26  San Francisco, entitled "R. Stephen Goldstein v. Safeco Insurance

-1-
NOTICE OF REMOVAL OF ACTION

1. Company of Illinois, et al.," Case Number CGC-08-472307. A copy of the Complaint is attached as Exhibit A.

2. The first date upon which defendants, Safeco Insurance Company of Illinois and Safeco Insurance Company of America, received a copy of the Complaint was February 21, 2008, when these defendants received a copy of said Complaint and a Notice of Acknowledgment of Receipt.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendants, pursuant to 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Defendants are informed and believe that plaintiff, R. Stephen Goldstein, is a resident of the State of California. Defendant, Safeco Insurance Company of Illinois, is an Illinois corporation. Defendant, Safeco Insurance Company of America, is a Washington corporation.

5. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, in that plaintiff seeks, among others, economic damages in an amount exceeding $100,000.

///
///
///
///

1 | Dated: March 6, 2008

LAW OFFICE OF SHEILA F. GONZALEZ

By /s/ R. Lawrence Bragg
R. LAWRENCE BRAGG
Attorney for Defendants,
SAFECO INSURANCE COMPANY OF
ILLINOIS and SAFECO INSURANCE
COMPANY OF AMERICA

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois corporation, SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, and DOES 1 THROUGH 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
R. STEPHEN GOLDSTEIN

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, City & County of San Francisco
400 McAllister Street
San Francisco, CA 94102-4514

CASE NUMBER:
*(Número del Caso):* CGC-08-472307

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Philip Borowsky, P.C. (SBN 56590) • Christopher J. Hayes (SBN 184287) • Borowsky & Hayes LLP
1 Market Street, Suite 1275 • Steuart Tower • San Francisco, CA 94105-1403

DATE: FEB 19 2008        Gordon Park-Li        Clerk, by  P. NATT  , Deputy
*(Fecha)*                                       *(Secretario)*           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Philip Borowsky, P.C. (State Bar No. 56590)
Christopher J. Hayes (State Bar No. 184287)
Borowsky & Hayes LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, California 94105-1403
Telephone: (415) 896-6800
Facsimile: (415) 896-0600

Attorneys for Plaintiff R. Stephen Goldstein

ENDORSED
FILED
San Francisco County Superior Court

FEB 19 2008

GORDON PARK-LI, Clerk
BY: _____
  Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

R. STEPHEN GOLDSTEIN,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois corporation,
SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, and
DOES 1 THROUGH 100,

    Defendants.

Case No. CGC-08-472307

COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH AND DECLARATORY RELIEF

CASE MANAGEMENT CONFERENCE SET

JUL 1 8 2008 - 9:00 AM

DEPARTMENT 212

Plaintiff complains against the defendants as follows:

### First Cause of Action For Breach of Contract
### by Plaintiff R. Stephen Goldstein
### Against All Defendants

1. Plaintiff R. Stephen Goldstein is an individual residing in the City and County of San Francisco, State of California.

2. Defendant Safeco Insurance Company of Illinois is an Illinois corporation which is authorized to do business and does business in California, including but not limited to the business of providing property and casualty insurance.

3. Defendant Safeco Insurance Company of America is a Washington corporation which is authorized to do business and does business in California, including but not limited to the business of providing property and casualty insurance.

Borowsky & Hayes LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd  1

Complaint For Breach of Contract and Insurance Bad Faith

4. On information and belief, Defendants Safeco Insurance Company of Illinois and Safeco Insurance Company of America operate under common corporate ownership and policies, and in particular acted in concert in all matters described in this pleading. For convenience, this pleading therefore designates Defendants Safeco Insurance Company of Illinois and Safeco Insurance Company of America individually and collectively as "Safeco."

5. Goldstein does not know the true names and capacities of Defendants sued herein as Does 1 through 100. When the true names and capacities of these Defendants are ascertained, Goldstein prays leave to amend this Complaint to assert them.

6. Goldstein is informed and believes, and on that basis alleges, that Defendants, and each of them, contributed to the events and happenings as hereinafter set forth and that their acts and omissions contributed to Goldstein's damages and losses as hereinafter set forth, and that each of the Defendants, including the fictitious Does, were at all times herein mentioned the agents and employees of each other and of each of the other Defendants, and that each of the acts of which Goldstein complains was ratified by each of the other Defendants or committed with advance knowledge and direct participation of each of the other Defendants.

7. On or about November 3, 2006, Goldstein was served as a defendant with a complaint filed in the San Francisco Superior Court captioned *Patricia Dobashi, Plaintiff, v. Stephen Goldstein, Helene Truely Osuna, Does 1 to 25, Defendants*, No. CGC-06-457054 (the "Dobashi Complaint"). The Dobashi Complaint was repeatedly amended, asserting various legal theories based on the essential allegations that Goldstein negligently left Dobashi's house key on his bedroom dresser. Co-defendant Helene Truly Osuna allegedly stole that key, then wrongfully entered Dobashi's house and stole valuable jewelry owned by Dobashi, which she valued at more than $250,000. Dobashi sought compensatory damages from Goldstein in that amount, as well as additional damages in unspecified amounts for alleged emotional distress and punitive damages.

8. Defendants provided insurance coverage to Goldstein including a homeowners insurance policy, a renters policy, and a personal umbrella policy for all relevant time periods

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd    2

Complaint For Breach of Contract and Insurance Bad Faith

including the period July 1, 2003 to July 1, 2007. A true copy of homeowners policy number OA3388396 issued by Safeco Insurance Company of Illinois for the period from July 21, 2006 to July 21, 2007 is attached as Exhibit A; a true copy of renters policy number OA820517 issued by Safeco Insurance Company of America for the annual periods from March 6, 2003 to March 6, 2007 is attached as Exhibit B; and a true copy of personal umbrella policy number UA3269426 issued by Safeco Insurance Company of America for the annual periods from December 23, 2003 to December 23, 2007 is attached as Exhibit C.

9. Defendants provided homeowners, renters, and personal umbrella policies to Goldstein for each annual policy period since at least 2003, each of which contained substantially the same policy language as the policies attached as Exhibit A, Exhibit B, and Exhibit C respectively. Each policy was in force at the time of the events alleged in each version of the Dobashi Complaint and at the time that each version of the Dobashi Complaint was filed in the Superior Court and served on Goldstein.

10. Each insurance policy issued by Defendants to Goldstein insured against claims for personal liability for wrongful entry and unintentional conduct.

11. By letter of November 7, 2006 by Goldstein's counsel, Goldstein provided Safeco a copy of the Dobashi Complaint and requested Safeco to defend and indemnify him against that proceeding.

12. By letter of November 10, 2006, Safeco responded to Goldstein that it would investigate the claim and would not "accept or reject the tender of defense and indemnity at this time."

13. By letter of December 18, 2006, Safeco further responded to Goldstein: "Based on this policy language we do not see any coverage for the defense or indemnity of case number CGC-06-457054 entitled Patricia Dobashi v. Stephen Goldstein, Helene Truly Osuna, Does 1 through 25. We regret that we can not cover this loss under Mr. Goldstein's renter's or umbrella policies of insurance."

14. By letter of January 4, 2007, Goldstein's counsel explained why coverage existed under Safeco's policies and requested that Safeco reevaluate its refusal to provide

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd  3
Complaint For Breach of Contract and Insurance Bad Faith

insurance coverage.

15. By letter of January 19, 2007, Safeco's counsel again denied coverage.

16. By letter of February 26, 2007, Goldstein's counsel again wrote to Safeco's counsel, again explained why coverage existed under Safeco's policies, and again asked Safeco to reevaluate its refusal to provide coverage.

17. Finally, by letter of April 2, 2007, Safeco agreed to defend the claims against Goldstein brought by Dobashi, but it did so under a reservation of rights to deny coverage later.

18. From November 3, 2006, when the Dobashi Complaint was served on Goldstein, until April 2, 2007, when Safeco reversed its position on coverage of the claims against Goldstein in the Dobashi Complaint, Goldstein was forced to retain counsel and defend himself at a cost exceeding $50,000, based on discounted rates of $250 per hour for an attorney with 10 years' experience and $375 per hour for an attorney with 33 years' experience. By letter of April 2, 2007, Safeco refused to pay more than $150 per hour to reimburse Goldstein for the attorneys' fees he had incurred. Safeco's position was entirely unreasonable, because the customary hourly rates in San Francisco for similarly experienced counsel at that time ranged from $300 to $550 per hour. Safeco reimbursed Goldstein for less than half the cost he actually incurred.

19. By April 2, 2007, because Safeco had repeatedly refused to provide coverage, Goldstein's counsel had been intensely involved in defending Goldstein for 6 months, carefully preparing demurrers and motions to establish to the satisfaction of the Court that the Dobashi Complaint ought to be dismissed. Because Safeco had repudiated its obligations to defend Goldstein for the prior 6 months; because when Safeco finally acknowledged its duty to defend, it refused to pay more than a minor percentage of the necessary and reasonable costs Goldstein had paid to defend himself for the prior 6 months; because Safeco refused to pay the necessary and reasonable costs Goldstein incurred after April 2, 2007; because Safeco's choice of counsel could not have been as familiar with the case by the time Safeco offered to provide counsel; and because Safeco was conflicted in its ability to provide

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd    4

Complaint For Breach of Contract and Insurance Bad Faith

a defense, Goldstein continued to have his original counsel continue in his defense and requested Safeco reimburse him for the cost of that defense.

20. On December 10, 2007, after repeatedly sustaining Goldstein's demurrers with leave to amend as well as granting Goldstein's motion to strike was granted and ruling on Goldstein's motion for sanctions, the San Francisco Superior Court sustained Mr. Goldstein's demurrer to Ms. Dobashi's Third Amended Complaint without leave to amend and entered a judgment of dismissal. On January 23, 2008, Dobashi appealed the judgment dismissing her complaint against Goldstein. If, as anticipated, the Court of Appeal affirms the judgment of the trial court, neither Mr. Goldstein nor his insurer, Safeco, would have any liability to pay Dobashi damages and the necessity of incurring further attorneys' fees would cease, except for a possible petition for rehearing or petition for review by the California Supreme Court. Nonetheless, Safeco has reimbursed Mr. Goldstein for less than 20% of his cost of the successful defense and has refused to pay the remainder.

21. Safeco's conduct breached its insuring agreements with Goldstein. Safeco acted unreasonably, oppressively and in bad faith.

22. Goldstein paid all premiums and performed all other conditions and covenants including the giving of prompt notice to Safeco of all claims against him.

23. Pursuant to the terms of the insurance policies, Safeco agreed to pay the legal fees, costs and indemnity to defend each lawsuit brought against Goldstein as an insured which alleges bodily injury, property damage, or personal injury including "wrongful entry."

24. The alleged events occurred during the period that Goldstein was covered by Safeco's insurance policies. The claims by Dobashi against Goldstein were covered by the policies. Goldstein tendered the claims to Safeco on November 7, 2006. Goldstein incurred defense fees and costs thereafter which exceed $122,000 and Safeco has refused to pay approximately $100,000 of such defense costs.

25. As a direct result of Safeco's failure to defend Goldstein in the underlying action, Goldstein incurred substantial legal fees and costs in defending the underlying action.

26. As a further direct result of Safeco's failure to defend Goldstein in the

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd    5
Complaint For Breach of Contract and Insurance Bad Faith

underlying action, Goldstein suffered anxiety, worry and mental and emotional distress.

27. Goldstein has had to commence this action in order to compel Safeco's performance of its contractual and statutory obligations under the policy and has incurred legal fees and costs in so doing.

28. Safeco has breached its insurance agreements as described above, thereby damaging Goldstein in an amount exceeding $100,000 in legal fees and costs to defend the underlying action and an amount yet ascertained for legal fees and costs to prosecute this action. Goldstein will seek leave to amend this complaint when the exact amount of fees and costs to be incurred in the prosecution of this action are more fully ascertained.

WHEREFORE, Plaintiff R. Stephen Goldstein prays for judgment as set forth below.

### Second Cause of Action
### for Breach of the Implied Covenant
### of Good Faith and Fair Dealing
### by Plaintiff R. Stephen Goldstein
### Against All Defendants

29. Goldstein incorporates each of the above allegations as though fully set forth.

30. Implied in the policies issued by Safeco is the covenant that Safeco would act in good faith and deal fairly with Goldstein and do nothing to deprive Goldstein of the contractual and statutory benefits due him under those policies.

31. Safeco breached its duty of good faith and fair dealing to Goldstein by failing to timely accept his tender, by unreasonably failing to provide a defense to Goldstein and fairly reimburse him for the cost of defense that was reasonable and necessary in a timely manner or at all.

32. As a direct result of Safeco's breach of its implied covenant of good faith and fair dealing, Goldstein has been damaged in an amount exceeding $100,000 and in an amount in addition to that sum for the fees and costs to prosecute this action.

33. Additionally, as a direct result of Safeco's breaches, Goldstein has suffered anxiety, worry, mental and emotional distress.

34. Safeco's acts were willful, malicious, oppressive or committed fraudulently and with the intent to injure Goldstein and deprive him of the benefit of his insurance policies

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd   6
Complaint For Breach of Contract and Insurance Bad Faith

with Safeco. Goldstein therefore seeks exemplary and punitive damages against Safeco by way of example and to punish it.

WHEREFORE, Plaintiff R. Stephen Goldstein prays for judgment as set forth below.

### Third Cause of Action for Declaratory Relief
### by Plaintiff R. Stephen Goldstein
### Against All Defendants

35. Goldstein incorporates each of the above allegations as though fully set forth.

36. Since Dobashi has now filed an appeal from the judgment dismissing her action against Goldstein, he has incurred and will continue to incur attorneys' fees and costs to defend the appeal. Although Goldstein believes the California Court of Appeal should dismiss Dobashi's appeal and affirm the judgment of the trial court in Goldstein's favor, there nonetheless remains the possibility that Goldstein will lose the appeal, in which case Goldstein will necessarily incur additional attorneys' fees and costs for further appellate proceedings in the California Court of Appeal and the California Supreme Court, for further proceedings thereafter in the California Superior Court. Additionally, there remains the possibility Goldstein will eventually suffer a judgment adverse to him for which Safeco should pay in accord with the insurance policies it has issued to Goldstein.

37. There now exists a controversy between Safeco and Goldstein. Safeco contends it has not breached its insuring agreement with Goldstein while denying any obligation to fully reimburse Goldstein all the attorneys' fees and costs he has so far incurred. Safeco also reserves its right to refuse to pay any damages that may be assessed against Goldstein. Goldstein contends Safeco has already repudiated the obligations it assumed by the insurance policies Goldstein purchased from Safeco. Goldstein contends that Safeco must accordingly be responsible to pay all of the attorneys' fees Goldstein has incurred and will incur in the defense of the Dobashi claim on appeal, retrial and any further appeal as well as any damage award in favor of Dobashi against Goldstein.

38. Goldstein therefore requests the Court to issue a judgment declaring the rights and obligations of Goldstein and Safeco regarding these matters and determine in a declaratory judgment that Safeco must pay all fees and costs incurred or paid by Goldstein

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd   7

Complaint For Breach of Contract and Insurance Bad Faith

in his defense of the Dobashi claim and any judgment rendered against Goldstein in favor of Dobashi.

WHEREFORE Plaintiff R. Stephen Goldstein prays for judgment as follows:

1. For economic damages in an amount exceeding $100,000 incurred in the defense of the underlying action against Defendants Safeco Insurance Company of Illinois, Safeco Insurance Company of America, and Does 1 through 100;

2. For attorneys' fees and costs in accordance with proof, incurred in the bringing of this action;

3. For emotional distress suffered by Goldstein in accordance with proof;

4. For punitive damages in accordance with proof;

5. For declaratory relief as requested;

6. For prejudgment interest in accordance with law;

7. For costs of suit;

8. For such other and further relief as the Court may deem just and proper.

Dated: February 19, 2008

BOROWSKY & HAYES LLP

By: PHILIP BOROWSKY
Attorneys for Defendant
R. STEPHEN GOLDSTEIN

BOROWSKY & HAYES LLP
One Market Plaza, Suite 1275
Steuart Tower
San Francisco, CA 94105-1403
Tel. (415) 896-6800
Fax (415) 896-0600

G:\Cases\1204 Goldstein\Insurance\Complaint for Breach of Contract and Insurance Bad Faith.wpd    8

Complaint For Breach of Contract and Insurance Bad Faith

Goldstein v. Safeco Insurance Company
San Francisco County Superior Court No. CGC-08-472307

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 2730 Gateway Oaks Drive, Suite 210, Sacramento, CA 95833.

On **March 6, 2008**, I served the foregoing document described as **Notice of Removal of Action Under 28 U.S.C. 1441 (b) (Diversity)** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Philip Borowsky, PC<br>Christopher Hayes<br>Borowsky & Hayes, LLP<br>1 Market Street, Suite 1275<br>Steuart Tower<br>San Francisco, CA 94105<br>TEL: 415-896-6800<br>Fax: 415-896-0600 | San Francisco County Superior Court<br>Civil Division<br>400 McAllister Street<br>San Francisco, CA 94102 |
|---|---|

[X]   BY MAIL:

   [ ]   I deposited such envelope in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid.

   [ ]   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.

Executed on **March 6, 2008**, at Sacramento, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
FRANCES E. ARNOLD