1  R. LAWRENCE BRAGG (SBN: 119194)
   **LAW OFFICE OF SHEILA F. GONZALEZ**
2  2730 Gateway Oaks Drive, Suite 210
   Sacramento, CA  95833-3503
3  Tel:   (916)923-9505
   Fax:   (888)813-3351
4  Email: labrag@safeco.com

5  Attorney for Defendants
   SAFECO INSURANCE COMPANY OF AMERICA
6  and SAFECO INSURANCE COMPANY OF ILLINOIS

7
                  IN THE UNITED STATES DISTRICT COURT
8
                     NORTHERN DISTRICT OF CALIFORNIA
9

10

| | |
|---|---|
| R. STEPHEN GOLDSTEIN,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois Corporation, SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation, and DOES 1 through 100,<br><br>           Defendants. | Case No.: 3:08-cv-01323-WHA<br><br>**ANSWER TO COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

     Pursuant to F.R.C.P. 8, defendants, Safeco Insurance Company of Illinois and Safeco Insurance Company of America, file this Answer on their behalf, and on behalf of no other parties, as follows:

     1. Pursuant to F.R.C.P. 8(b), defendants generally deny the allegations contained in plaintiff's Complaint, except those admitted below:

     (a) Defendants admit the allegations contained in paragraphs

1-3 of the Complaint;

(b) Defendants admit that they both are owned by Safeco Corporation, as alleged in paragraph 4;

(c) Defendants lack information as to the allegations contained in paragraphs 5-6;

(d) Defendants admit that the plaintiff was served with the lawsuit entitled <u>Dobashi v. Goldstein</u>, San Francisco Superior Court No. CGC 06-457054 and that the Complaint in that case was repeatedly amended, as alleged in paragraph 7;

(e) Defendants admit the allegations contained in paragraphs 8-9;

(f) Defendants admit that the allegations contained in paragraphs 11-13;

(g) Defendants admit that plaintiff's counsel sent a letter on January 4, 2007 which requested that defendants re-evaluate their coverage position, as alleged in paragraph 14;

(h) Defendants admit the allegations contained in paragraph 15;

(i) Defendants admit that plaintiff's counsel sent a letter on February 26, 2007 which requested that defendants re-evaluate their coverage position, as alleged in paragraph 16;

(j) Defendants admit the allegations contained in paragraph 17.

2. As and for affirmative defenses, defendants allege as follows:

(a) Defendants allege that plaintiff's Complaint fails to

state facts sufficient to constitute a cause of action against these answering defendants.

(b) Defendants allege that plaintiffs have failed to perform and/or comply with all of the terms, conditions and obligations under the policies issued by defendants, including, but not limited to, voluntary making payments and/or assuming obligations without the consent of the defendants.

(c) Defendants allege that plaintiff's Complaint is barred by the exclusions contained in the policies issued by defendants, including, but not limited to, exclusions for contractual liability and punitive damages.

(d) Defendants allege that plaintiff failed to mitigate his alleged damages, if any, and any recovery should be barred or diminished accordingly.

(e) Defendants allege that plaintiffs' Complaint is barred by the statute of limitations, including, but not limited to, C.C.P. sections 335.1, 337, 339, 340 and 343.

(f) Defendants allege that plaintiffs' Complaint is barred, in whole or in part, by the equitable doctrine of laches.

(g) Defendants allege that plaintiffs' Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

(h) Defendants allege that plaintiffs' Complaint is barred, in whole or in part, by the equitable doctrine of waiver.

(i) Defendants allege that plaintiffs' Complaint is barred, in whole or in part, by the equitable doctrine of estoppel.

(j) Defendants allege that the claims for punitive damages

are barred by the Due Process Clauses of the California and United States Constitutions.

(k) Defendants allege that they already have paid an amount of money to plaintiffs and therefore should be entitled to a set-off of the amount paid to date.

WHEREFORE, defendants pray that plaintiff take nothing by said Complaint, for costs of suit, and all other relief that the Court deems just and proper.

Dated: March 13, 2008

LAW OFFICE OF SHEILA F. GONZALEZ

By _____
R. LAWRENCE BRAGG
Attorney for Defendants,
SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE COMPANY OF ILLINOIS

**DEMAND FOR JURY TRIAL**

Pursuant to F.R.C.P. Rule 38, defendants, Safeco Insurance Company of America and Safeco Insurance Company of Illinois, demand a trial by jury in this case.

Dated: March 13, 2008

LAW OFFICE OF SHEILA F. GONZALEZ

By /s/ R. Lawrence Bragg
R. LAWRENCE BRAGG
Attorney for Defendants,
SAFECO INSURANCE COMPANY OF
AMERICA and SAFECO INSURANCE
COMPANY OF ILLINOIS

<u>Goldstein v. Safeco Ins. Co. of America, et al.</u>
U.S. District Court, Northern District of CA, No. 3:08-cv-01323-WHA

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

   I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 2730 Gateway Oaks Drive, Suite 210, Sacramento, CA 95833.

   On *March 13, 2008*, I served the foregoing document described as *ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL* on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| **Attorneys for plaintiff**<br><br>Philip Borowsky,<br>Christopher Hayes<br>Borowsky & Hayes, LLP<br>1 Market Street, Suite 1275<br>Steuart Tower<br>San Francisco, CA 94105<br>TEL: 415-896-6800<br>Fax: 415-896-0600 | |
|---|---|

[ X ] BY MAIL:

  [ ] I deposited such envelope in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid.

  [ X ] I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.

[ ] BY OVERNIGHT DELIVERY:

  [ ] I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

  [ ] I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

<u>Goldstein v. Safeco Ins. Co. of America, et al.</u>
U.S. District Court, Northern District of CA, No. 3:08-cv-01323-WHA

[ ]   BY FACSIMILE:

On [*Date*], I transmitted the foregoing document(s) from facsimile machine telephone number [*Fax Number*]. The transmission was reported as complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

[ ]   BY PERSONAL SERVICE:

I delivered such envelope by hand to the offices of the addressee.

Executed on *March 13, 2008*, at Sacramento, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

R. Lawrence Bragg