```
 1  R. LAWRENCE BRAGG (SBN: 119194)
    LAW OFFICE OF SHEILA F. GONZALEZ
 2  2730 Gateway Oaks Drive, Suite 210
    Sacramento, CA  95833-3503
 3  Tel:   (916)923-9505
    Fax:   (888)813-3351
 4  Email: labrag@safeco.com

 5  Attorney for Defendants
    SAFECO INSURANCE COMPANY OF AMERICA
 6  and SAFECO INSURANCE COMPANY OF ILLINOIS

 7
                 IN THE UNITED STATES DISTRICT COURT
 8
                    NORTHERN DISTRICT OF CALIFORNIA
 9
```

| | |
|---|---|
| R. STEPHEN GOLDSTEIN,<br><br>         Plaintiff,<br><br>    vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois Corporation, SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation, and DOES 1 through 100,<br><br>         Defendants. | Case No.: 3:08-cv-01323-WHA<br><br>SEPARATE CASE MANAGEMENT STATEMENT<br><br>DATE:       6/12/08<br>TIME:       11:00 A.M.<br>COURTROOM:  9 |

Pursuant to this Court's Order Setting Initial Case Management Conference, defendants submit this Separate Case Management Statement. The Declaration required by Local Rule 16-9(a) is set forth below.

PRELIMINARY NOTE

The parties participated in a voluntary mediation on May 5, 2008 which resulted in a settlement of this action. The

-1-
SEPARATE CASE MANAGEMENT STATEMENT

settlement monies have been paid, a Stipulation for Settlement has been signed, and the parties are in the process of signing a Release of Claims. Consequently, the contents of this Case Management Statement will be abbreviated.

1. JURISDICTION AND SERVICE

The basis for jurisdiction is diversity, per 28 U.S.C. section 1332, as the plaintiff is a citizen of California and the defendants are citizens of the State of Washington and the State of Illinois, respectively.

There is no basis to challenge service of process and all parties have appeared in this action.

2. FACTS

The above action is for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief in connection with litigation of an underlying third party action, entitled <u>Dobashi v. Goldstein, et al</u>., San Francisco County Superior Court action no. CGC 06-457054. Generally, the plaintiff alleges that the defendants wrongfully refused to defend him with respect to this action.

In this underlying action, the plaintiff, Dobashi, alleged that she sustained a loss of jewelry on November 1, 2003 when defendant, Helene Osuna, entered her residence utilizing a key. The plaintiff further alleged that Mr. Goldstein previously had been romantically involved with Ms. Osuna, after which he became

involved with the plaintiff. The plaintiff provided Mr. Goldstein with a key to her residence, which Mr. Goldstein left lying on the top of a bureau in his bedroom. Thereafter, Mr. Goldstein discovered that the key was missing but did not inform the plaintiff. After the plaintiff's jewelry went missing, Ms. Osuna admitted that she had stolen the plaintiff's jewelry utilizing the key obtained from Mr. Goldstein.

The initial Complaint filed by Ms. Dobashi on October 18, 2006 purported to state causes of action for Intentional Tort-Conversion against both Goldstein and Osuna, Breach of Contract against Goldstein, Fraud against Goldstein, and Trespass against Osuna, only. The damages sought in the initial Complaint consisted of the value of the jewelry which had been taken, as well as punitive damages, but did not include any emotional distress damages.

Safeco investigated this claim and obtained a statement from Mr. Goldstein. Based upon the information available at that time, Safeco declined coverage on December 18, 2006, noting that the claims asserted did not constitute either "bodily injury" or "property damage," arising out of an "occurrence," and that the loss further would be excluded by exclusions for intentional acts, criminal acts, contractual liability, and property in the care of an insured.

Counsel for Mr. Goldstein responded to the denial of coverage with a letter, dated January 4, 2007, noting that it was possible that Mr. Goldstein could be liable on a negligence

theory. Safeco reconsidered its position and responded on January 18, 2007, through counsel, that, even assuming the existence of an "occurrence," there still were no facts indicating this lawsuit sought damages which would constitute covered damages, including "property damage."

On February 26, 2007, counsel for Mr. Goldstein sent a letter to counsel for Safeco contending that the damages sought in the underlying action potentially could constitute "wrongful entry," as this term is utilized in the coverage for "personal injury." Safeco again reconsidered its position and informed Mr. Goldstein's counsel on March 22, 2007 that it would provide a defense to this action under a reservation of rights. Safeco then appointed the Law Office of William J. Diffenderfer as defense counsel in this case. Counsel for Mr. Goldstein then refused to allow that office to participate in the underlying litigation, contending that it made no sense to switch counsel in the middle of the litigation, and proceeded to unilaterally litigate this matter on behalf of Mr. Goldstein.

Thereafter, Ms. Dobashi filed First Amended Complaint on April 6, 2007. Counsel for Mr. Goldstein continued to challenge the pleadings by filing successive Demurrers. Ultimately, the Demurrer to the Third Amended Complaint was sustained without leave to amend, and the underlying action currently is on appeal.

The main factual issues are whether the defendants properly declined coverage in the underlying action and whether the

plaintiff violated the "voluntary payments" provision of the policy.

3. LEGAL ISSUES

The main legal issues in this case are: (a) whether the defendants were under a duty to defend this claim; (b) whether the defendants properly retracted their initial declination of coverage; (c) whether the defendants were under a duty to provide independent counsel to the plaintiff; and (4) whether the plaintiff violated the "voluntary payments" provision of the policy.

4. MOTIONS

There are no pending motions before the Court.

5. AMENDMENT OF PLEADINGS

No amendment of pleadings are contemplated by the parties.

6. EVIDENCE PRESERVATION

Not applicable.

7. DISCLOSURES

In light of the settlement reached in this case, the parties have not completed their F.R.C.P. Rule 26 disclosures.

8. DISCOVERY

No discovery has taken place, to date.

9. CLASS ACTIONS

Not applicable.

10. RELATED CASES

As noted above, the underlying action, <u>Dobashi v. Goldstein, et al.</u>, San Francisco County Superior Court action no. CGC 06-457054, is on appeal in the First District Court of Appeal.

11. RELIEF

Initially, the plaintiff sought damages in an amount in excess of $100,000.00.

12. SETTLEMENT AND ADR

As noted above, the parties participated in a voluntary mediation on May 5, 2008, which resulted in a settlement of this case.

13. CONSENT TO MAGISTRATE JUDGE

The parties have not consented to have this matter heard by a Magistrate Judge.

14. OTHER REFERENCES

Not applicable.

15. NARROWING OF ISSUES

Not applicable.

16. EXPEDITED SCHEDULE

Not applicable.

17. SCHEDULING

Not applicable, other than to set a date for the completion of the settlement documents and the filing of a Request for

SEPARATE CASE MANAGEMENT STATEMENT

Dismissal.

18. TRIAL

Not applicable.

19. DISCLOSURE OF INTERESTED ENTITIES

Safeco Insurance Company of America and Safeco Insurance Company of Illinois are owned by Safeco Corporation. A sale of Safeco Corporation to Liberty Mutual Insurance Company is pending.

20. OTHER ISSUES

The defendants request that the Court retain jurisdiction over this matter for the purpose of enforcing the Stipulation for Settlement, if necessary.

Dated: June 5, 2008

                        LAW OFFICE OF SHEILA F. GONZALEZ

                        By _____
                        R. LAWRENCE BRAGG
                        Attorney for Defendants,
                        SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE COMPANY OF ILLINOIS

DECLARATION REQUIRED BY LOCAL RULE 16-9(a)

I, R. LAWRENCE BRAGG, DECLARE:

1. That I am an attorney at law, licensed to practice in the Northern District of California, and am counsel of record for

-7-

SEPARATE CASE MANAGEMENT STATEMENT

defendants in the above matter.

 2. That the above matter was settled at a private mediation held on May 5, 2008.

 3. That I drafted a proposed Joint Case Management Statement on June 4, 2008 and sent it by e-mail to plaintiff's counsel. When no response was received by the close of business on June 5, 2008, the date set by the Court for the filing of this Statement, I prepared the Case Management Statement hereinabove and filed it with the Court.

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that if called as a witness, I could competently testify to the facts set forth herein.

 Dated this 5th day of June, 2008 at Sacramento, California.

_____
R. LAWRENCE BRAGG

-8-
SEPARATE CASE MANAGEMENT STATEMENT